[Civ. No. 218.   Second Appellate District.—July 10, 1906.]

## WILL E. WYCKOFF, Respondent, v, SOUTHERN PACIFIC COMPANY, Appellant.

NEGLIGENCE—SPEED OF ENGINE AT TOWN CROSSING—QUESTION OF FACT— ERROR IN INSTRUCTION—ORDER GRANTING NEW TRIAL.—Where the speed of a single locomotive in passing a town crossing at the rate of thirty-five miles an hour is one of the ingredients of negligence charged against defendant by plaintiff, who, after having looked and listened for an approaching train, was injured by collision of the "wild" locomotive with the rear end of his wagon: *Held*, that, under the circumstances of the case, the rate of speed of the engine was a question of fact for the jury, and not of law for the court, and that for error in instructing the jury to the effect that such rate of speed of the engine at the point in question was not a negligent omission of duty, the court properly made its order granting a new trial to the plaintiff.

APPEAL from an order of the Superior Court of Los Angeles County, granting a new trial.   Waldo M. York, Judge.

The facts are stated in the opinion of the court.

J. W. McKinley, for Appellant.

Charles H. Mattingley, for Respondent.

GRAY, P. J.—This is an action for personal injuries to plaintiff incurred in a collision between a locomotive of defendant and a span of horses and wagon driven by plaintiff at a street crossing in the town of Burbank in Los Angeles county.   The verdict was for the defendant, and the defendant appeals from an order of the court granting plaintiff a new trial.

The testimony of the plaintiff as a witness in his own behalf was in effect as follows: Plaintiff and his father were driving into the town of Burbank in a two-horse wagon on Verdugo street.   About three hundred feet from defendant's track they discovered a horse fast in a wire fence.   They stopped there and both went to the relief of the horse. Finding it necessary to cut the wire, that the horse might be released, the plaintiff returned to the wagon and drove in a walk in the direction of the railroad track, intending to cross the same for the purpose of obtaining some wire nippers. When he reached the wagon he looked and listened to learn whether any trains were approaching.   He could hear none and see none "on account of the box-cars that were along the sidetrack between the main track and the section-houses, and the shade trees around the section-houses and also the drying plant."   As he proceeded toward the track he' kept up a diligent looking and listening for trains.   He had no view of the track until he emerged from between two box-cars standing on the sidetrack only a few feet from the main track.   He knew the next train due would be from the south, and accordingly as soon as he could see the track he looked in that direction, and seeing no train, looked the other way, discovering a "wild" locomotive approaching at a speed of some thirty-five miles an hour without giving any warning of its approach with bell or whistle.   He was then very near the track and,

as he says, "I was terribly excited to find myself in such peril, and my first thought was to get across and get out of the way, and I jumped forward into the wagon and tried my best to get across, and come nearly getting across, and the engine got the back end of the wagon and hurled it into the air." He also says: "There was no time from the time I started across the railroad track when I was not looking and listening for that train." There was other evidence tending to show that the bell was sounded and warning duly given on approaching the crossing; and otherwise conflicting with the foregoing.

The new trial was granted because of an instruction given to the jury, which reads as follows: "If you find that the engine was running at the rate of thirty-five miles an hour, that fact does not establish negligence upon the part of defendant, because no duty rested upon it to run its train or engine at a less rate of speed at the point in question."

With reference to this instruction, we quote from the opinion of the trial court as follows: "Section 19 of Article VI of our state constitution provides: 'Judges shall not charge juries with respect to matters of fact but may state the testimony and declare the law.' The rate of speed under the circumstances of the case was a question of fact and not a question of law. It was one of the ingredients of negligence charged against the defendant by the plaintiff. The court could not say, as a matter of law, under the circumstances of the case, that it was not negligent for the defendant to run its engine at so great a rate of speed." We think this is sound, and that the new trial was properly granted, for the reason given by the trial court.

It will be needless to discuss any other points raised in the briefs for the reason that they may not arise upon a new trial of the case.

The order appealed from is affirmed.

Allen, J., and Smith, J., concurred.